**No. 44267.**—Protest 1255–K of Halle Bros. Co. (Cleveland).

Opinion by EVANS, J. There was testimony that the bottles were imported to be sold as cologne bottles in the toilet goods department. The collector's classification was evidently based on the theory that they consisted of decanters. From the evidence it was found that they are not decanters but bottles of the character used as containers of perfume. The claim at 37½ percent under paragraph 218 (e) and T. D. 49458 was therefore sustained.

**No. 44268.**—Protest 918718–G of J. Theofan & Co. (New York).

Opinion by EVANS, J. The sample consists of a red glass article in the shape of a globe about 6 inches in diameter. There was testimony that they are used in connection with small cups in which water, oil, and a wick are placed, and are not used for the purpose of illumination but by religious precept or custom before the pictures or statues of saints. On the authority of *United States* v. *General Display Case Co.* (21 C. C. P. A. 542, T. D. 46976) the claim at 60 percent under paragraph 218 (f) was sustained.

**No. 44269.**—Protest 931042–G of Milnor, Inc. (Honolulu).

Opinion by EVANS, J. From the evidence it was found that the dolls in question are purchased by adults to be used as representative of Japan in displays of dolls from different countries. The doll in question stands on a pedestal attached to a base. It is not used by children as a toy doll. It appeared that the component material of chief value is artificial silk, which is not one of the products provided for in paragraph 31 but is covered by schedule 13. The protest was overruled.

**No. 44270.**—Protest 928866–G of Sprouse Reitz Co., Inc. (Portland, Oreg.).

Opinion by EVANS, J. The appraiser describes the merchandise as balls made of sponge rubber to which a long thin rubber band is attached. The testimony showed that it is used by children who wrap the end of the rubber string around one finger and throw the ball away from them so that it may be brought back to the hand. It was therefore found to be a plaything chiefly used for the amusement of children and the protest was overruled.